## COMBINED INSURANCE COMPANY OF AMERICA *v.* William J. YATES

5-6148                                        490 S.W. 2d 134

Opinion delivered February 12, 1973

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellant.

*Hale, Hale & Fincher, P. A.,* for appellee.

Lyle Brown, Justice. This is an appeal from a judgment entered on a jury verdict in favor of appellee William J. Yates and against appellant Combined Insurance Company of America. The judgment was based on a group disability policy for seven months disability, $1000 per month. Application for the policy was made on October 16, 1970. On November 22, 1970, appellee suffered a heart attack which formed the basis of his claim. The claim was resisted, and was defended, on the theory that appellee gave untrue answers to some of the questions in the application and that if the true facts had been disclosed the policy would not have been issued. The single point for reversal is that appellant's motion for a directed verdict should have been granted.

Appellant pointed its proof to three elements, namely, high blood pressure, a medical examination by Dr.

Murphy, and the allegation that appellee had long taken diupres (a medication for high blood pressure).

*High Blood Pressure.* One of the questions on the application inquired if appellee had ever had abnormal blood pressure. The answer inserted was "No". Appellee testified that he told the agent that he was rejected by the armed forces in 1953 because they said his blood pressure was up a few points. The salesman replied, so appellee testified, that the insurance company was not interested in a problem beyond five years. Appellee insisted that it was the agent who filled in the answers to the questions. Dr. Stanley, who treated appellee when he had his heart attack, said he had a case history, some obtained from appellee and some from appellee's wife, that appellee had a long history of hypertension. Appellee categorically denied that to be a fact. Appellee testified that as a truck driver and a commercial pilot he had to take physical examinations annually and that he had never been refused his licenses because of any disability. He said he also had passed two physicals in 1969 for other insurance.

*Medical Examination by Dr. Murphy.* Another question inquired of appellee if he "had been under observation, or had medical or surgical advice or treatment" during the preceding five years. Appellant said he answered "No" to that question. Appellee said in November 1969 he went to his family doctor for an ICC examination and complained of a mild chest pain. He said he did not consider the incident to constitute medical observation or treatment. Had appellee answered "Yes" and had the insurer made inquiry of Dr. Murphy, appellant would have received answers favorable to the insured. In fact, after the heart attack, the insurer called on Dr. Murphy for a report of that visit. The substance of the answers was that for eight years appellee had taken an annual physical for the ICC permit and that appellee passed the physical without defects. As to the chest pain, Dr. Murphy took an electrocardiogram at the interview and found no evidence of infarction.

*As to the Medication Diupres.* The last question on the application inquired if the applicant was in good health and free from impairment. Appellee gave a "Yes" answer to the question. Appellant argues that the

case history taken by Dr. Stanley developed that appellee was regularly taking diupres for hypertension. The appellee testified that Dr. Stanley was mistaken; that he never to his knowledge had taken any medication for high blood pressure.

The burden was on appellant to prove that any misrepresentations were fraudulent or material to the acceptance of the risk or hazard. *Hartford Life Ins. Co.* v. *Catterson,* 247 Ark. 263, 445 S.W. 2d 109 (1969). Whether appellee had a history of high blood pressure and whether he took diupres were fact questions resolved by the jury against appellant. Also, the question of whether appellant was prejudiced by the failure of appellee to relate his visit to Dr. Murphy was a question for the jury. We also think the form of the question propounded to appellant's underwriter is significant. We abstract the question, in three parts, as follows:

If it had been disclosed that Yates had been rejected by the armed forces for high blood pressure; *and,*

If it had been known that Yates had been examined by Dr. Murphy shortly prior to the issuance of the policy, at which time Yates complained of chest discomfort; *and,*

If it had been disclosed appellant had been taking medication for high blood pressure, would the policy have been issued?

The underwriting supervisor replied that the policy would not have been issued under those circumstances. It is significant to us that the hypothetical question was cumulative, in other words, the supervisor was saying that had appellant been furnished, *collectively,* with those elements, the policy would not have been issued. What we are saying is that he did not respond that the knowledge of *any one* of the recited elements would have resulted in a rejection.

Finding substantial evidence to support the conclusions of the jury, we affirm the judgment, adding thereto the statutory penalty and attorney's fee of $1000.

Affirmed.